STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-1062


SERVICE INVESTORS LIMITED D/B/A JOHNSON FUNERAL HOME

VERSUS

THOMAS A. SCULLY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-5981
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


James Buckner Doyle
Attorney at Law
P. O. Box 5241
Lake Charles, LA 70606-5241
(337) 474-9989
Counsel for Defendant Appellee:
Thomas A. Scully

Phillip Michael Maneille
Attorney at Law
710 W. Prien Lake Rd., #102
Lake Charles, LA 70601
(337) 474-4444
Counsel for Plaintiff Appellant:
Service Investors Limited
Johnson Funeral Home

**SAUNDERS, Judge.**

This is a case involving an attempt by an employer to enforce a penalty provision in an employment contract against its former employee. The employment contract has a five-year term and contains a penalty provision that calls for the employee to pay the employer a penalty equal to one year of the employee's current salary should the employee terminate his employment prior to the end of the five-year term.

The employee terminated his employment with the employer two years into the five-year contract. The employer filed suit, attempting to enforce the penalty provision. The parties eventually filed cross motions for summary judgment, with the employee contending that the penalty provision is unenforceable. The district court granted the employee's motion, denied the employer's motion, and dismissed the employer's suit with prejudice. The employer filed this appeal alleging seven assignments of error.

After a *de novo* review of the record, we conclude that the penalty provision that the employer is attempting to enforce is unlawful and against public policy. Accordingly, we affirm the district court's judgment and cast the employer with all costs of this proceeding.

**FACTS AND PROCEDURAL HISTORY:**

This matter arises out of an attempt by Service Investors Limited d/b/a Johnson Funeral Home (hereinafter "JFH"), the former employer of Thomas Scully (hereinafter "Scully") to enforce a penalty provision in an employment contract between them. The contract was confected on April 5, 2004.

The employment contract between the parties was for a five-year term and contained a penalty provision that Scully would pay JFH an amount equal to a year's

worth of his current salary should he breach the contract should he voluntarily terminate his employment prior to the end of the five-year term. Prior to its execution, Scully was allowed to review the employment contract with his independent counsel, and he was permitted an opportunity for revising it, as he deemed necessary. After obtaining advice of counsel, Scully signed the contract.

On June 23, 2006, after two years of employment, Scully notified JFH of his intention to resign. The next day JFH responded with a letter demanding that Scully pay the penalty as stated in the contract. Scully did not pay the penalty and ultimately resigned as of June 28, 2006.

JFH filed suit seeking enforcement of the penalty provision, requesting the district court to order Scully to pay it thirty-four thousand, eight hundred dollars ($34,800.00), one year of Scully's current salary. Scully answered the suit, and cross motions for summary judgment were filed. After due hearings, the district court found that the penalty provision was a violation of La.R.S. 23:634, and, thus, violated public policy. This resulted in the district court granting Scully's motion for summary judgment, denying JFH's motion, and dismissing JFH's suit with prejudice.

JFH has appealed this judgment by the district court. It is alleging the following seven assignments of error:

**ASSIGNMENTS OF ERROR:**

1.    Without the record showing any opposition filed against a summary judgment motion urging a factual dispute related to intent, and after finding contracting parties gave their mutual consent to a negotiated contract, the district judge erred by assuming an intent to a party, without any support for such an assumption in the record.

2.    The district court erred in concluding JFH included an early termination penalty equal to one year salary in its employment contract with Scully to indirectly avoid the prohibitions in La.R.S. 23:634 against an employee forfeiting wages.

2

3. The district court erred in failed to recognize the material facts established in JFH's supporting affidavits, and unopposed by Scully, demonstrate no genuine factual issues exist in JFH's alleged claim and prove the reasons contracting parties desired a fixed penalty was due for failure to perform.

4. Upon finding an employment contract was confected by parties possessing contractual capacity, and giving their mutual consent to an agreement for a defined purpose, the district court erred in holding the contract did not have a lawful purpose.

5. The district court erred in finding an early employment termination penalty, only using a wage amount as its basis for determining the penalty amount, imposed a wage forfeiture prohibited by statute.

6. The district court erred in finding an employment contract penalty, calculated in an amount equal to a one year salary and imposed against an employee for defaulting under an obligation to provide future services, was not an enforceable liquidated penalty for breaching a contract and failing to perform a future obligation.

7. The district court erred in failing to distinguish the apparent difference between an earned paid wage for past services forfeited and an early termination clause, merely using a past wage amount as its formula for fixing the penalty amount.


**ASSIGNMENTS OF ERROR NUMBERS ONE THROUGH SEVEN:**

JFH raises seven delineated assignments of error, then fails in brief to address any of the assignments specifically. Rather, JFH makes a series of arguments regarding its positions, the first of which is that the penalty provision was lawful. We find that the district court correctly found that the penalty provision was unlawful, thus making it unenforceable. This finding pretermits all of the other assignments of error raised by JFH.

> Appellate courts review summary judgments de novo, applying the same criteria that govern a trial court's determination of a motion for summary judgment. Louisiana's Code of Civil Procedure [article 966 (B)] states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." We are required to construe factual inferences that are reasonably drawn from the evidence presented in favor of the party

3

opposing the motion; all doubt is to be resolved in the non-moving party's favor.

We also are to remain cognizant of the mover's and non mover's burdens of proof. Although the burden of proof on a motion for summary judgment remains with the moving party, the mover's burden changes depending upon whether he or she will bear the burden of proof at trial on the matter that is the subject of the motion for summary judgment:

> [I]f he or she will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
> La.Code Civ.P. art. 966(C)(2).

*McClaff, Inc., et al. v. Arch Ins. Co., et al.*, 07-1182 pp. 7-8 (La.App. 3 Cir. 02/27/08), 978 So.2d 482, 487-88 (citations omitted).

In the case before us, JFH is attempting to enforce a penalty provision in an employment contract. It bears the burden of proving that it is entitled to have that contract enforced against Scully by the court. Therefore, all Scully has to do to both defeat JFH's motion for summary judgment and prove his entitlement to his own motion is point out an absence of an element essential to JFH's claim.

"A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La.Civ. Code art. 1906. The four requisites for a valid contract are: capacity, consent, lawful cause, and lawful purpose. La.Civ. Code arts. 1918, 1927, 1966, and 1971. Louisiana Civil Code Article 1968 states, "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy."

4

The penalty provision in the employment contract is located in Paragraph 15, it reads as follows:

> 15. PENALTY PROVISION, Inasmuch as the employment of Employee by Employer is of vital importance to Employer, Employee agrees to pay to Employer a penalty should Employee voluntarily terminate his services to Employer. Should Employee voluntarily terminate his services to Employer at any time during the life of this agreement, Employee agrees to pay to Employer a sum equal to one year's salary, computed at the rate of compensation he is receiving at the time of his voluntary termination. Said sum shall be due and payable within ten (10) days of the date of his termination. Should Employee fail to pay said penalty, Employer may seek all legal remedies for the collection of this penalty.

The district court found that the penalty provision above violated La.R.S. 23:634.[1] As such, the district court found that the penalty provision was unlawful and unenforceable. The district court based its decision on finding that the penalty provision had no rational basis for being tied to Scully's wages other than to allow JFH to evade La.R.S. 23:634. While we do not completely disagree with the district court's analysis, we feel that a more accurate analysis would be to consider the penalty provision, a stipulated penalty or liquidated damage provision.

JFH argues that the contract only uses Scully's wages as the criteria for

---

[1] Louisiana Revised Statutes 23:634 states:

A. No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.

B. Nothing in Subsection A of this Section or in R.S. 23:631(A) shall prohibit an employer from requiring an applicant for employment who becomes an employee or an employee, provided the employee is compensated at a rate equivalent to not less than one dollar above the existing federal minimum wage and is not a part-time or seasonal employee as defined in R.S. 23:1021, to sign a contract providing that the costs of such individual's preemployment medical examination or drug test may be withheld from his wages if he resigns within ninety working days from his first day of work, and, upon resignation, withholding such costs, unless such resignation is attributable to a substantial change made to the employment by the employer as applied in the Louisiana Employment Security Law.

calculating the penalty amount for his nonperformance of future services. Further, JFH contends that the penalty provision is not a stipulated damages provision, rather, it claims that the penalty provision is exactly as it states, a penalty provision.

We find this argument by JFH regarding the proper nomenclature of the provision to be irrelevant as our supreme court has deemed the term "penalty" and the phrase "liquidated damages" to be synonymous. *See McCray v. Cole*, 251 So.2d 161 (La.1971); *Pennington v. Drews*, 49 So.2d 5 (La.1949).

Therefore, we will conduct our analysis of the penalty provision first with recognizing it as a secondary obligation as discussed in La.Civ. Code art. 2005, regardless of whether it is labeled a penalty, liquidated damage, or stipulated damage provision.[2] Louisiana Civil Code Article 2012 expresses the following: "[s]tipulated damages may not be modified by the court unless they are so manifestly unreasonable as to be contrary to public policy."

In the case before us, the district court correctly noted, in its reasons for judgment, that statutes such as La.R.S. 23:634-36 indicate a strong desire by our legislature to "take a good look" at employment contracts. Further evidence of this public policy to protect our state's employees while contracting with employers can be found in La.R.S. 23:921, regarding nullity of noncompetition, choice of forum, or choice of law provisions unless specific criteria are met that protect the employee.

With this public policy in mind, we note the case of *Keiser v. Catholic Diocese of Shreveport, Inc.*, 38,797, p. 9 (La.App. 2 Cir. 8/18/04), 880 So.2d 230, 236

---

[2] Louisiana Civil Code Article 2005 states:

> Parties may stipulate the damages to be recovered in case of nonperformance, defective performance, or delay in performance of an obligation.

> That stipulation gives rise to a secondary obligation for the purpose of enforcing the principal one.

(citations omitted), wherein our second circuit stated:

> While stipulated damage clauses are provided for in La.C.C. art. 2005, et seq., they should reasonably approximate the obligee's loss in the event of a breach and should not be penal. To determine the reasonableness, the court should inquire as to whether the parties attempted to approximate the actual damages in confecting the agreement.

We agree with our sister court. Due to the clear public policy of our state to protect its employees when they enter into a contract for work with an employer, such stipulated damage provisions must be scrutinized more closely than in typical contracts.

After a thorough review of the record before us, we find it clear that the penalty provision is unenforceable as it is unlawful. It is not disputed by JFH that the provision is penal in nature. In brief, JFH states that the provision is what it purports to be, "[s]imply argued, 'penalty provision' means ***penalty provision*. . . .**" (Emphasis theirs).

Further, while it is apparent that Scully did have the capacity to stipulate to the penalty provision, it is equally certain that neither JFH nor Scully attempted to estimate the actual damages JFH would incur should Scully breach the contract when this penalty provision was agreed upon. In fact, JFH's admits in brief that the affidavits of the parties prove that they were not attempting to fix damages for nonperformance when setting the penalty Scully was to pay should he breach the contract.

Moreover, with this particular provision, even if it were not in an employment contract, a stipulated damage provision must be reasonable. *See Jordan v. Weber*, 388 So.2d 812 (La.App. 1980) and *American Leasing Co. of Monroe, Inc. v. Lannon E. Miller & Sons General Contracting, Inc.*, 469 So.2d 325 (La.App. 2 Cir. 1985). We

7

find it evident that requiring an employee to pay its employer an entire year's salary for leaving at any point prior to the expiration of a five-year contract is unequivocally unreasonable. Indeed, it is not a stretch to say that it approaches the absurd.

Accordingly, we find that the enforcement of the penalty provision in the employment contract between JFH and Scully would create a result that is both unlawful and against public policy. Under La.Civ. Code art. 1968, the cause of a contract is unlawful when its enforcement would produce such results. A lawful cause is one of the necessities for a valid contract. *See* La.Civ.Code art. 1967.

In the case before us, for Scully to both defeat JFH's summary judgment motion and win his own, he must "point out to the court that there is an absence of factual support for one or more elements essential to [JFH's] claim, action, or defense." La.Code Civ.P. art. 966(C)(2). It is unmistakable that JFH cannot win in an action to enforce an obligation if it cannot present any evidence that the penalty provision has a lawful cause, an essential element of a valid obligation.

As such, we find that the district court correctly granted Scully's motion for summary judgment, denied JFH's motion, and dismissed JFH's suit with prejudice. Thus, we affirm the district court's judgment.

**CONCLUSION:**

JFH raised seven assignments of error, at the heart of each is an argument that the district court's judgment below was improper. After a *de novo* review of the record, we conclude that the penalty provision that JFH was attempting to enforce was both unlawful and against public policy. Consequently, we find that the penalty provision is unenforceable as its cause is unlawful. A lawful cause is an essential element of a valid obligation, therefore, we find the penalty provision is invalid. This

8

results in the affirmation of the district court's judgment and assessment of all costs of this proceeding to JFH.

**AFFIRMED.**